■ RAE D. ROSEN, Respondent, v MARK I. ROSEN, Appellant. [598 NYS2d 13] —In a matrimonial action in which the parties were divorced by judgment dated January 10, 1991, the defendant former husband appeals from (1) an order of the Supreme Court, Kings County (Rigler, J.), entered May 13, 1991, which, denied, *inter alia,* his motion for the appointment of a Law Guardian for the parties' sons and (2) an order of the same court, entered May 16, 1991, which granted the plaintiff former wife's application for additional counsel fees in the amount of $7,500.

Ordered that the orders are affirmed, with one bill of costs.

The parties were divorced by judgment dated January 10, 1991. By notice of appeal dated February 14, 1991, the defendant appealed various provisions of the divorce judgment. By order dated October 11, 1991, this Court dismissed that appeal for lack of prosecution.

The dismissal of the defendant's appeal from the judgment

of divorce is relevant in that it is generally held that a litigant may not raise any issue on a subsequent appeal which was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution (see, Bray v Cox, 38 NY2d 350; see also, People v Corley, 67 NY2d 105, 109; cf., Aridas v Caserta, 41 NY2d 1059, 1061). In the context of this case, this rule precludes the defendant's challenges to the valuation of the plaintiff's Master of Business Administration degree, the court's determination of child support, the retroactive fixing of child support arrears, and the court's award of additional legal fees to the plaintiff's counsel, all of which could have been raised on the prior appeal from the divorce judgment.

The defendant's demand for the downward modification of his child support obligation must also fail. A prior order of child support may be modified upon a showing of a substantial change in circumstances (see, Domestic Relations Law § 236 [B] [9] [b]). It is the burden of the moving party to establish the change in circumstance warranting the modification (see, Carr v Carr, 187 AD2d 407; Clemente v Clemente, 186 AD2d 620; Matter of Ciostek v Ciostek, 186 AD2d 1087; Mitchell v Mitchell, 170 AD2d 585). Under the circumstances of this case, whether, as the defendant contended, the required change has actually occurred is determined by comparing the defendant's financial status at the time of the divorce with his financial circumstances at the time of the motion for modification of the prior order (see, Schnoor v Schnoor, 189 AD2d 809, citing Alexander v Alexander, 134 AD2d 796).

The defendant has not met his burden here, principally because he revealed only vague and unsubstantiated financial information to the court before, during, and after the trial. Such minimal information does not provide a means for the comparison of the defendant's financial circumstances between the granting of the divorce judgment in January 1991 and his request for modification in April 1991, the relevant time interval.

We have examined the defendant's remaining contentions concerning the appointment of a Law Guardian for the parties' child and whether an accounting should be directed of their escrow fund, and find them lacking in merit. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.