■ JAMES BROSNAN et al., Appellants, v MARY M. BEHETTE, Doing Business as CARLTON ASSOCIATES, Respondent. [664 NYS2d 560] —In an action, inter alia, to recover counsel fees pursuant to Real Property Law § 234, the plaintiffs appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated May 8, 1996, which, inter alia, denied the plaintiffs' motion to vacate a stay of enforcement of an amended judgment dated April 5, 1993.

Ordered that the order is affirmed, with costs.

The prior dismissal of the plaintiffs' appeal from an order dated July 26, 1993, precludes review of many of the issues raised on this appeal. A litigant may not raise on a subsequent appeal any issue which was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution (see, Bray v Cox, 38 NY2d 350; Rosen v Rosen, 193 AD2d 661). We do not agree with our dissenting colleague's view that the circumstances of this case require departure from the general rule.

With respect to those issues arising from facts which occurred subsequent to the order of July 26, 1993, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion to vacate the stay of enforcement of the amended judgment dated April 5, 1993, contained in that order (see generally, Offset Paperback Mfrs. v Banner Press, 39 NY2d 770, 772). The court was correct that, in this landlord-tenant dispute, the issue of primary residency remains unresolved, and as there is a proceeding now pending which will finally determine that issue, enforcement of the amended judgment was properly stayed pending that determination.

The plaintiffs' remaining contentions are without merit. Copertino, Joy and Krausman, JJ., concur.

Miller, J. P., dissents and votes to reverse the order and vacate the stay of enforcement of the amended judgment with the following memorandum: I do not agree with the conclusion of my colleagues in the majority that there has been no determination of the issue of the plaintiffs' "primary residency" in the subject premises, nor do I find that the rule of *Bray v Cox* (38 NY2d 350) precludes review of the plaintiffs' contentions. I would thus reach the merits of the plaintiffs' claims, reverse the order on appeal, and vacate the stay of enforcement of the amended judgment dated April 5, 1993, which has prevented the plaintiffs from achieving their long-deserved victory in this case.

This appeal had its genesis in a series of landlord and tenant proceedings commenced by the defendant back in 1984 in Housing Part of the Civil Court, Kings County. To date, the defendant has commenced at least four such proceedings to evict the plaintiffs from their rent-controlled Brooklyn apartment. All of these proceedings have been decided in the plaintiffs' favor. In the second such proceeding, Housing Court Judge Matthews expressly rejected the defendant's contentions that the plaintiffs had not established their primary residency in the subject apartment. Although the Appellate Term's affirmance of Judge Matthews' determination rested solely on jurisdictional grounds, that court further noted that the entry of the now-deceased Rosalie Brosnan into a Staten Island nursing home did not per se destroy her primary residency in the subject apartment in which she, her son, the plaintiff James Brosnan, and later his fiancée, the plaintiff Jacqueline Brown, resided. In the third landlord and tenant proceeding, Judge Scott adhered to Judge Matthews' determination finding that the defendant was barred by res judicata from relitigating the primary residency issue. Curiously, in affirming Judge Scott's order, the Appellate Term stated in dictum that there had been no determination on the merits of the primary residency issue. Nevertheless, up until that point every attempt of the defendant to evict the plaintiffs had been thwarted, with two Housing Court Judges expressly rejecting the defendant's contentions that Rosalie Brosnan's entry into a nursing home destroyed her primary residency in the subject apartment.

When the plaintiffs commenced the instant action for legal fees pursuant to Real Property Law § 234, the defendant defaulted in appearance. At the ensuing inquest, Justice Huttner expressly ruled that James and Rosalie Brosnan had "resided in the premises continually since the original lease and that the [defendant], without good cause, ha[d] failed * * *

to provide them with [the required] renewal leases". Following the defendant's unsuccessful motion to vacate her default, this Court agreed that she had failed to demonstrate the existence of a meritorious defense on the issue of liability for counsel fees (*see, Brosnan v Behette,* 186 AD2d 165).

While that appeal was pending, Rosalie Brosnan died. Allegedly because counsel for the plaintiffs did not notify the various courts of Rosalie's death with alacrity, and because James Brosnan, *pro se,* innocently petitioned the Richmond County Surrogate's Court for letters of administration since his mother had been a patient in a Staten Island nursing home at the time of her death, the defendant embarked upon a new campaign to relitigate the primary residence issue, contending that the favorable determinations procured by the plaintiffs were the result of a fraud perpetrated upon the courts. However, this Court implicitly rejected the claim of fraud in refusing to vacate the order in the plaintiffs' favor on the issue of legal fees. Thereafter, James Brosnan petitioned the Richmond County Surrogate to transfer the estate proceedings to Kings County, where, after a full hearing on the merits, the late Surrogate Bloom ultimately denied the defendant's application to revoke James Brosnan's letters of administration. Indeed, Surrogate Bloom expressly found that Rosalie Brosnan was a domiciliary of Kings County at the time of her death, and further chastised the defendant for seeking relief in Surrogate's Court for "the primary, if not the sole reason * * * to obtain an advantage in the landlord-tenant actions".

It is clear to me that Rosalie Brosnan remained a domiciliary of Kings County, notwithstanding her entry into a Staten Island nursing home (*see, Matter of Urdang,* 194 AD2d 615). It is equally clear that the defendant has failed to sustain her burden of proving that Rosalie's admission into the nursing home caused her to lose her primary residence status in the subject apartment (*see, Cohen & Zerenowitz Realty Corp. v Asero,* NYLJ, Nov. 21, 1991, at 26, col 4 [App Term, 1st Dept]; *Lewis v Katzev,* NYLJ, Dec. 11, 1996, at 29, col 2; *Schultz v Gomez,* NYLJ, Nov. 1, 1995, at 34, col 4; *Soybel v Gruber,* 136 Misc 2d 430; *65 Cent. Park W. v Greenwald,* 127 Misc 2d 547; *cf., 661 Washington St. Corp. v Cata,* NYLJ, June 29, 1994, at 29, col 2; *Matter of L.J.M. Venture No. 1 v Joy,* 105 Misc 2d 291). Despite the plaintiffs' admitted failure to immediately inform the courts of Rosalie's death, I do not agree that the plaintiffs perpetrated a fraud upon the courts to obtain any of the numerous determinations in their favor. Rather, I find that the defendant has tenaciously waged a virtual crusade to free

up the plaintiffs' rent-controlled apartment, presumably so that she may rent it to a new tenant at an increased rate. Insofar as CPLR 2201 provides the court with broad discretion to grant a stay of proceedings in a proper case upon such terms as may be just (*see, Research Corp. v Singer-General Precision,* 36 AD2d 987), I can only conclude that the Supreme Court improvidently exercised its discretion in restraining the plaintiffs from enforcing the judgment in their favor, pursuant to which they won legal fees and a declaration of their right to lease renewals, since the interest of justice is most definitely not served thereby.

Finally, notwithstanding that the plaintiffs failed to perfect a prior appeal to this Court and opted instead to pursue reconsideration in the Supreme Court, I am not persuaded that the doctrine of *Bray v Cox (supra),* necessarily precludes review of the plaintiffs' meritorious arguments. The Court of Appeals has made clear that the dismissal of an intermediate appeal for failure to prosecute does not prevent this Court from reconsidering any prior intermediate determinations it has made (*see, Aridas v Caserta,* 41 NY2d 1059, 1061). This Court thus retains the discretion to reach the merits of the plaintiffs' arguments notwithstanding the dismissal of their prior appeal (*see, Hudson City Sav. Inst. v Burton,* 99 AD2d 871, 872; *De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088, 1090). While we should clearly exercise this discretionary authority with caution, given the tortuous, protracted history of this litigation, coupled with the plaintiffs' nearly consistent demonstration of entitlement to the relief they have requested, I would most certainly exercise such discretion in this matter so as to enable these deserving plaintiffs to realize their hard-fought victory, and to put this matter to rest, once and for all.