■ WILLIAM T. HIND et al., Appellants, v JOSEPH PALERMO et al., Respondents. [689 NYS2d 641] —In an action to recover an escrow deposit, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated April 28, 1997, which denied their motion.

■ WILLIAM T. HIND et al., Respondents, v JOSEPH PALERMO et al., Appellants. [691 NYS2d 551] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Richmond County (Leone, J.), entered June 25, 1998, which, upon an order of the same court, dated December 5, 1997, granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against them in the principal sum of $61,000.

Ordered that the appeal is dismissed, with costs to the plaintiffs.

It is well settled that a litigant may not raise any issue on a subsequent appeal which was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution (see, Bray v Cox, 38 NY2d 350; Brosnan v Behette, 243 AD2d 524; Rosen v Rosen, 193 AD2d 661). Here, the defendants appealed from an order dated December 5, 1997, which granted the plaintiffs' motion for summary judgment. However, that appeal was dismissed by decision and order of this Court dated October 5, 1998, for failure to perfect. The dismissal for lack of prosecution acts as a bar to the instant appeal which raises the identical issues (see, Bray v Cox, supra, at 353). In any event, the record reveals that the defendants failed to cancel the real

estate contract at issue in accordance with its substantive and procedural terms. Accordingly, the Supreme Court properly granted summary judgment to the plaintiffs for the amount of the down payment (*see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373). Bracken, J. P., Santucci, Krausman and Feuerstein, JJ., concur.