■ In the Matter of DESIREE KEENAN, Respondent, v JOHN F. ALBERT, Appellant. [711 NYS2d 331] —In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals from an order of the Family Court, Kings County (Segal, J.), dated March 3, 1999, which denied his motion to vacate an order of filiation of the same court, entered June 24, 1992, upon his default in appearing.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's prior motion to vacate his default in appearing was denied by order dated March 29, 1996. His appeal from that order was dismissed by decision and order on motion of this Court dated December 17, 1996. We decline to review any issue which could have been raised on that prior appeal (*see, Bray v Cox*, 38 NY2d 350; *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750; *TPZ Corp. v Tsoukas*, 264 AD2d 837; *Brosnan v Behette*, 243 AD2d 524). Under the facts of this case, the results of the subsequent blood test cannot be considered newly-discovered evidence (*see, Matter of Commissioner of Social Servs. of City of N. Y. v Keith H.*, 179 Misc 2d 514, *affd* 253 AD2d 815).

Our determination should not be construed as binding with

respect to proceedings now pending before the Family Court to vacate the order of filiation based on the best interests of the child, which should be determined after appointment of a Law Guardian to represent the child (*see, Matter of Louise P. v Thomas R.,* 223 AD2d 592; *see also, Matter of O'Neil v Shaw,* 272 AD2d 619). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.