■ In the Matter of Kevin J. Talty, Respondent, v Ethel A. Talty, Appellant. [840 NYS2d 114]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Marks, J.), dated November 6, 2006, which denied her objections to so much of an order of the same court (Kahlon, S.M.), dated June 16, 2006, as, after a hearing, granted

the father's petition for a downward modification of his child support obligation and directed him to pay only the sum of $603 per week in child support and 60.6% of the children's unreimbursed health-related expenses.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's objections to so much of the order dated June 16, 2006, as granted the father's petition for a downward modification of his child support obligation and directed him to pay only the sum of $603 per week in child support and 60.6% of the children's unreimbursed health-related expenses are sustained, the petition is denied, and the father is directed to pay the sum of $1,035 per week in child support and 74% of the children's unreimbursed health-related expenses.

"When a party seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate a 'substantial change in circumstance' " (*Matter of Heyward v Goldman*, 23 AD3d 468, 469 [2005], quoting Domestic Relations Law § 236 [B] [9] [b]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]; *Matter of Love v Love*, 303 AD2d 756 [2003]; *Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]; *Rosen v Rosen*, 193 AD2d 661, 662 [1993]). "It is the burden of the moving party to establish the change in circumstance warranting the modification" (*Rosen v Rosen, supra* at 662; *see Matter of Prisco v Buxbaum, supra*). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (*Matter of Prisco v Buxbaum, supra* at 461; *see Klapper v Klapper*, 204 AD2d 518, 519 [1994]). "A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004]; *see Matter of Brunetti v Brunetti*, 22 AD3d 577, 577-578 [2005]), as well as his or her assets and earning powers (*see Beard v Beard*, 300 AD2d 268, 269 [2002]; *Matter of Fleischmann v Fleischmann*, 195 AD2d 604 [1993]).

The Support Magistrate improperly determined that the father established a substantial change of circumstances sufficient to warrant downward modification of his child support obligation. While it was undisputed that the father's salary had decreased, he was nonetheless "possessed of sufficient means" to provide support at the level directed in a support order dated April 18, 2004 (*see* Family Ct Act § 413 [1] [a]; *Matter of D'Altilio v D'Altilio*, 14 AD3d 701 [2005]). Accordingly, the father's petition should have been denied.

In light of our determination, we need not reach the mother's remaining contention. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.