In the Matter of ROBERT S. FANTEL, Respondent, v ELPIDA I. STAMATATOS, Appellant. [875 NYS2d 497]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Budd, J.), dated May 12, 2008, which denied her objections to an order of the same court (Livrieri, S.M.), dated April 7, 2008, which, after a hearing, granted the father's petition to modify the child support provision of a judgment of divorce entered May 19, 1999, to require her to pay child support.

Ordered that the notice of appeal from the order dated April 7, 2008 is deemed a premature notice of appeal from the order dated May 12, 2008 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order dated May 12, 2008 is reversed, on the law, with costs, the mother's objections are sustained, the order dated April 7, 2008 is vacated, and the petition is denied.

"When a party seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate a

'substantial change in circumstance' " (*Matter of Heyward v Goldman,* 23 AD3d 468, 469 [2005], quoting Domestic Relations Law § 236 [B] [9] [b]; *see Matter of Talty v Talty,* 42 AD3d 546, 547 [2007]; *Matter of Brescia v Fitts,* 56 NY2d 132, 140-141 [1982]; *Matter of Love v Love,* 303 AD2d 756 [2003]; *Rosen v Rosen,* 193 AD2d 661, 662 [1993]). In determining whether there has been a change in circumstances warranting a modification of child support, the court must consider several factors including "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd,* 277 AD2d 917, 918 [2000]; *see Matter of Heyward v Goldman,* 23 AD3d 468 [2005]). "It is the burden of the moving party to establish the change in circumstance warranting the modification" (*Rosen v Rosen,* 193 AD2d at 662).

Here, the father sought to modify the child support provision of the judgment of divorce to require the mother to pay child support, primarily based upon the fact that the parties' daughter, of whom the mother had custody, was emancipated, and the parties' son, of whom the father had custody, was a high school senior taking college courses for which he had to pay. However, the father failed to present compelling proof that his son's needs had increased due to special circumstances. The father provided only generalized testimony that his son's educational needs had increased. Moreover, the father failed to present evidence that his financial circumstances had changed due to a loss of employment or assets not of his own making or that the mother's financial circumstances had substantially improved. The fact that the parties' daughter was now emancipated was insufficient to establish that the mother's financial means had increased. Under the circumstances presented here, a modification of the child support provision of the judgment of divorce was not warranted (*see Matter of Love v Love,* 303 AD2d 756 [2003]). Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.