In the Matter of THERESA K. KASUN, Respondent, v EDWARD DANIEL PELUSO, Appellant. [919 NYS2d 30]—

The father filed a petition seeking a downward modification of his child support obligation, and the mother filed a petition to adjudge the father in willful violation of the order of support. After a hearing before a Support Magistrate, both petitions were granted. Both parties filed objections to the order of the Support Magistrate, and the Family Court granted the mother's objections to the extent of, among other things, vacating so much of the Support Magistrate's order as terminated the father's obligation to pay maintenance and granted the father a downward modification of his child support obligation from the sum of $281.25 per week to the sum of $145 per week, and thereupon only granted the father a downward modification of his child support from the sum of $281.25 per week to the sum of $221 per week, and remitted the matter to the Support Magistrate for recalculation of maintenance arrears owed to the mother. The father appeals.

The father is correct that the Family Court erred in vacating that "the portion of the Support Magistrate's order dated January 28, 2008 which terminates the [father's] maintenance obligation under the judgment of divorce dated October 31, 2002 and the Family Court order dated August 26, 2004 which incorporates the maintenance order," and remitting the matter to the Support Magistrate to recalculate the maintenance arrears owed to the mother. The record reveals that the father's obligation to pay maintenance had been terminated in an earlier order of the Support Magistrate, dated January 31, 2006, to which the mother did not file objections. "The hearing of objections in Family Court is the equivalent of an appellate review" (*Matter of Musarra v Musarra*, 28 AD3d 668, 668 [2006]). The mother, having failed to file objections to the order dated January 31, 2006, which terminated the father's maintenance obligation, waived her right to review of that determination. Since the issue was not properly before the Family Court on its review of the order dated January 28, 2008, we must delete the provisions of the Family Court's order which, in effect, reinstated the

father's maintenance obligation and remitted the matter to the Support Magistrate to calculate maintenance arrears owed to the mother.

However, we agree with the Family Court's modification of so much of the Support Magistrate's order as granted the father a downward modification of his child support obligation, by reducing his child support obligation only to the sum of $221 per week, instead of to the sum of $145 per week. The party seeking to modify a child support order "has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007]). Importantly, "[i]n determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order [sought to be modified]" (*Matter of Talty v Talty*, 42 AD3d 546, 547 [2007] [internal quotation marks and citations omitted]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871 [2009]).

Here, the only change in circumstances which the father established was that he was receiving $76 less a week in Social Security disability benefits than he had been receiving in workers' compensation benefits. We reject the father's contention that the Family Court improperly imputed income to him, as that determination was based upon a credibility assessment which is supported by the record (*see Matter of Strella v Ferro*, 42 AD3d 544 [2007]). Moreover, the Family Court's recalculation of the father's child support obligation, taking into account his reduced benefits, was proper (*see* Family Ct Act § 413 [1] [c]).

The father's failure to pay child support constituted prima facie evidence of a willful violation of the support order, and shifted the burden of proof to him to offer competent, credible evidence of his inability to comply with the order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63 [1995]). Since the father failed to satisfy that burden with credible evidence, his violation of the order of support was properly determined to have been willful. Moreover, since the father's violation of the order was found to be willful, the mother was properly awarded an attorney's fee in connection with the violation petition (*see* Family Ct Act § 438 [b]).

The father's remaining contentions are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.