■ CHRISTOPHER BASILE, Appellant, v SHERRY WIGGS, Respondent. [920 NYS2d 103]—

"A parent seeking downward modification of a child support obligation has the burden of establishing a substantial and unanticipated change in circumstances. In order to meet that burden, a party seeking a downward modification based on a loss of employment must submit evidence demonstrating that he or she has diligently sought to obtain employment commensurate with that party's earning capacity" (*Matter of Mera v Rodriguez*, 74 AD3d 974, 974 [2010] [citations omitted]; *see Matter of Ripa v Ripa*, 61 AD3d 766, 766-767 [2009]). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (*Matter of Prisco v Buxbaum*, 275 AD2d 461, 461 [2000]; *see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]). Further, "[a] parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support, as well as his or her assets and earning powers" (*Matter of Talty v Talty*, 42 AD3d 546, 547 [2007] [internal quotation marks and citations omitted]). In determining whether a party has established the requisite change of circumstances, a court may "impute income based upon the party's past income or demonstrated earning potential" (*Matter of Ripa v Ripa*, 61 AD3d at 767).

Here, the Supreme Court found, in effect, that the appellant's financial documentation provided an incomplete account of his finances. It further found that the appellant, a former law firm partner who specialized in corporate transactional work, had the necessary skills and ability to obtain employment in a different legal practice area. Thus, the Supreme Court found that the appellant failed to establish the requisite change of circumstances warranting a downward modification of his child support obligation (*see* Family Ct Act § 413 [1] [a]). Upon our review of the record, we find no basis to disturb that determination.

The appellant's remaining contentions are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.