In the Matter of LINDA MALBIN, Also Known as LINDA MALBIN MARTZ, Appellant, v LAWRENCE P. MARTZ, Respondent. [930 NYS2d 67]—

When a party seeks to modify the child support provision of a prior order or judgment, including an order or judgment incorporating without merging an agreement or stipulation of the parties, he or she must demonstrate a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b] [2] [i]; *Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]; *Matter of Fantel v Stamatatos*, 59 AD3d 717 [2009]; *Matter of Heyward v Goldman*, 23 AD3d 468, 469 [2005]; *Matter of Love v Love*, 303 AD2d 756 [2003]). "It is the burden of the moving party to establish the change in circumstance[s] warranting the modification" (*Rosen v Rosen*, 193 AD2d 661, 662 [1993]; *see Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (*Matter of Prisco v Buxbaum*, 275 AD2d at 461; *see Matter of Talty v Talty*, 42 AD3d 546 [2007]; *Klapper v Klapper*, 204 AD2d 518 [1994]). "A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004]; *see Matter of Brunetti v Brunetti*, 22 AD3d 577, 577-578 [2005]), as well as his or her assets and earning power (*see Beard v Beard*, 300 AD2d 268, 269 [2002]; *Matter of Fleischmann v Fleischmann*, 195 AD2d 604 [1993]).

Here, the Support Magistrate improperly determined that the father established a substantial change in circumstances sufficient to modify a stipulation of settlement which was incorpo-

rated but not merged into a judgment of divorce entered July 22, 2009, obligating him to maintain health insurance coverage for the parties' children under a plan in effect at that time or to pay for a comparable plan, so as to require him to pay only the sum of $390.88 per month for a health insurance plan for the children that was acquired by the mother. Although great deference should be given to the credibility determination of the Support Magistrate (*see Matter of Spiegel v Spiegel*, 68 AD3d 881 [2009]; *Matter of Kahl-Lapine v Lapine*, 35 AD3d 611 [2006]), the documentary evidence in the record contradicts the father's testimony that the cost for him to obtain health insurance for the parties' children, comparable to what he was able to provide at the time the parties entered into their stipulation of settlement, increased after he lost his job and began working for a new employer. Even if the father's testimony was properly credited, the father failed to demonstrate that he was unable to provide support at the level agreed upon pursuant to the stipulation of settlement (*see Matter of Talty v Talty*, 42 AD3d 546 [2007]), or that the health insurance the mother was able to acquire for the parties' children was comparable to the healthcare plan that was in effect at the time the parties entered into their stipulation of settlement.

Accordingly, the Family Court should have granted the mother's objections to the Support Magistrate's order granting the father's cross petition to modify the stipulation of settlement.

In light of our determination, we need not reach the appellant's remaining contentions. Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.