In the Matter of Debbie Levine-Seidman, Respondent, v Kurt Seidman, Appellant. [931 NYS2d 125]—

Although the Family Court found that the father failed to show an "unanticipated" and "unforeseen" change in circumstances warranting a downward modification of his child support obligation, because the father's obligation was not contained in a stipulation of settlement that had been incorporated but not merged into a judgment of divorce, the standard that should have been applied is "a substantial change in circumstances" (*Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009] [internal quotation marks omitted]; *see Matter of Marrale v Marrale*, 44 AD3d 773, 774 [2007]; *cf. Matter of Boden v Boden*, 42 NY2d 210 [1977]). "[I]n determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order sought to be modified" (*Matter of Mandelowitz v Bodden*, 68 AD3d at 874 [internal quotation marks omitted]; *see Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]). Moreover, "[a] parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Talty v Talty*, 42 AD3d at 547 [internal quotation marks omitted]).

Here, despite the father's testimony that the current economic downturn severely affected his earnings, and despite the fact that his income as a stock broker fluctuated yearly, depending on stock sales, he did not show a substantial change in average income since the entry of the divorce judgment which established his support obligation. Accordingly, on this record, the father failed to establish a substantial change in circumstances sufficient to entitle him to a downward modification of his support obligation (*see Matter of Marrale v Marrale*, 44 AD3d 773 [2007]; *Matter of Talty v Talty*, 42 AD3d at 547; *see also Taylor v Taylor*, 83 AD3d 815 [2011]; *Sofia v Sofia*, 162 AD2d 594 [1990]). Moreover, he failed to show that his ability to provide support had changed during that time (*see Basile v Wiggs*, 82 AD3d 921 [2011]; *Matter of Talty v Talty*, 42 AD3d at 547). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's finding that the father was not entitled to a downward modification of his child support obligation.

The Family Court also properly denied the father's objections to the Support Magistrate's determination that the father willfully failed to comply with his support obligation. His failure to pay support constituted prima facie evidence of a willful violation of the support obligation contained in the divorce judgment (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Barrett v Barrett*, 82 AD3d 974, 975-976 [2011]). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the divorce judgment was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70). He failed to satisfy his burden (*id.*; *see Matter of Department of Social Servs. of Fulton County v Hillock*, 96 AD2d 625 [1983]; *cf. Matter of Brennan v Burger*, 63 AD3d 922, 923 [2009]).

The father's remaining contentions are either without merit or improperly raised for the first time on appeal. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.