■ PATRICIA DRESCH, Respondent, v JAMES F. DRESCH, Appellant. [932 NYS2d 373]—

The defendant's appeal from so much of the amended order dated November 24, 2010, as granted that branch of the plaintiff's cross motion which was for an award of arrears pursuant to a so-ordered stipulation dated April 4, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of the money judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from so much of the amended order dated November 24, 2010, as granted that branch of the plaintiff's cross motion which was for an award of arrears pursuant to a so-ordered stipulation dated April 4, 2001, are brought up for review and have been considered on the appeal from the money judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, his motion for a downward modification of his child support obligation. The defendant failed to make a prima facie showing of a substantial, unanticipated, and unreasonable change in circumstances (*see Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Klein v Klein*, 74 AD3d 753 [2010]).

The Supreme Court also properly denied that branch of the defendant's motion which was for leave to renew his prior motion for a downward modification of his child support obligation. The defendant failed to provide a "reasonable justification" for the failure to present the new facts on the prior motion (CPLR 2221 [e]). In any event, the new facts would not have changed the prior determination (*see Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]).

The appellant's remaining contentions are not properly before this Court or without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.