■ In the Matter of BRYANT MONTGOMERY, Appellant, v JONCHEL K. PRIOLEAU, Respondent. [942 NYS2d 635]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Malone, J.), dated March 31, 2011, which denied his objections to so much of an order of the same court (Bowman, S.M.), dated December 16, 2010, as, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father have one child in common, who was four years old at the time of the hearing in this case. The father was obligated to pay the mother a total of $160 per week in child support, pursuant to an order of the Family Court, Westchester County, dated September 23, 2008. The father also pays approximately $160 per week in child support for his son from a different relationship, pursuant to an order of the Family Court, Bronx County, dated March 13, 2007. In 2010, the father filed a petition in the Family Court, Westchester County, for a downward modification of his child support obligation as set forth in the order of that court dated September 23, 2008.

At the ensuing hearing, the father testified that he has maintained his two jobs working for Pepsi and Gristedes Supermarket, but that his overtime hours had been cut due to the economic downturn. In an order dated December 16, 2010, the Support Magistrate in Westchester County found that the father was not entitled to a downward modification of his support obligation, holding that the father had failed to demonstrate a substantial change in circumstances. The Family Court denied the father's written objections in an order dated March 31, 2011. The father appeals, and we affirm.

Contrary to the father's contention that he need only demonstrate a change in circumstances in order to obtain a downward modification in his child support obligation, a party seeking a downward modification of a support order must demonstrate a *substantial* change in circumstances warranting the modification (*see Matter of Bouie v Joseph*, 91 AD3d 641, 642 [2012]; *Matter of Figueroa v Herring*, 61 AD3d 976, 977 [2009]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]). Here, the Family Court properly found that the father failed to demonstrate such a substantial change in circumstances (*see Matter of Levine-Seidman v Seidman*, 88 AD3d 883, 884 [2011]; *Matter of Harris v Stiles*, 78 AD3d 1053 [2010]; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *cf. Matter of Morena v Morena*, 267 AD2d 388, 389 [1999]).

The Family Court further properly concluded that the father's

support obligation to his son from a different relationship could not, under the circumstances, be a basis for a downward modification of his obligation to the instant child. The father's obligation to the son from a different relationship was set by the Family Court, Bronx County, before his obligation to the child in this case was set by the Family Court, Westchester County. Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as denied the father's petition for a downward modification of his child support obligation. Rivera, J.P., Hall, Lott and Austin, JJ., concur.