In the Matter of ALEXANDER MIKHLIN, Appellant, v LISA M. GIUFFRIDA, Respondent. [988 NYS2d 700]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Katz, J.), dated June 5, 2013, which denied his objections to an order of the same court (Fasone, S.M.), dated April 17, 2013, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated June 5, 2013, is affirmed, without costs or disbursements.

To establish entitlement to a downward modification of a child support obligation entered on consent, a party has the burden of showing that there has been a substantial change in circumstances (*see Matter of Khoussa v Peeple*, 115 AD3d 954 [2014]; *Matter of Grucci v Villanti*, 108 AD3d 626 [2013]). Loss of employment may at times constitute a substantial change in circumstances (*see Matter of Forman v Frost*, 67 AD3d 908, 909 [2009]; *Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]).

Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his child

support obligation. He testified that he was unable to work because he suffered from gout and depression. However, he failed to present credible evidence at the hearing to show that his symptoms or conditions at the time of the petition and hearing prevented him from working. Evidence that the father was receiving Social Security disability benefits does not, by itself, demonstrate the father's inability to work (*see Matter of Gavin v Worner*, 112 AD3d 928 [2013]; *Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d 766, 767 [2012]). Furthermore, the father failed to provide competent evidence with respect to his finances (*see generally Basile v Wiggs*, 82 AD3d 921 [2011]; *Matter of Moran v Moran*, 56 AD3d 675, 676 [2008]).

Accordingly, the Family Court properly denied the father's objection to the order denying his petition for a downward modification of his child support obligation. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.