In the Matter of JAMES TOMASSI, Appellant, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. [41 NYS3d 540]—

Appeal by the father from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated July 9, 2015. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.) dated May 11, 2015, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

The father filed a petition seeking a downward modification of his child support obligation. The Suffolk County Department of Social Services (hereafter DSS) moved to be added to the proceeding as an interested party because the mother assigned her rights to child support to DSS. The Family Court granted DSS's motion. After a hearing, the Support Magistrate denied the father's petition. The father then filed objections to the Support Magistrate's order, and the court denied the objections. The father appeals.

"The party seeking to modify a child support order 'has the burden of establishing the existence of a substantial change in circumstances warranting the modification'" (*Matter of Kasun v Peluso*, 82 AD3d 769, 771 [2011], quoting *Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007]; *see Matter of Rolko v Intini*, 128 AD3d 705, 706 [2015]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]). " '[I]n determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order [sought to be modified]'" (*Matter of Mandelowitz v Bodden*, 68 AD3d at 874, quoting *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *see Basile v Wiggs*, 82 AD3d 921, 921 [2011]; *Matter of Kasun v Peluso*, 82 AD3d at 771). "A party who fails to credibly and clearly disclose his or her financial circumstances will be unable to establish that there has been a substantial change in circumstances warranting a downward modification of child support" (*Matter of Rabasco v Lamar*, 106 AD3d 1095, 1096-1097 [2013]).

"Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *see Matter of Rolko v Intini*, 128 AD3d at 706; *Matter of Thompson v Coleman*, 114 AD3d 802 [2014]; *Matter of Rutuelo v Rutuelo*, 98 AD3d 518, 518 [2012]).

Here, the record supports the determination of the Support Magistrate that the father failed to demonstrate a substantial change in circumstances warranting a downward modification of his child support obligation (*see Basile v Wiggs*, 82 AD3d at 922; *Matter of Kasun v Peluso*, 82 AD3d at 771; *Matter of Mandelowitz v Bodden*, 68 AD3d at 874-875; *Matter of Talty v Talty*, 42 AD3d at 547). The father failed to submit a financial disclosure affidavit (*see Matter of Thompson v Coleman*, 114 AD3d at 802; *Matter of Rabasco v Lamar*, 106 AD3d at 1097), and his testimony failed to establish a substantial change in circumstances.

The father's remaining contention is not properly before this Court, as it involves matters that were not the subject of the order appealed from. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.