Appeal by the father from an order of the Family Court, Richmond County (Helene D. Sacco, J.), dated April 7, 2017. The order denied the father’s objections to an order of that court (Gregory L. Gliedman, S.M.) dated January 3, 2017, which denied his motion pursuant to CPLR 5015 (a) (3) to vacate an order of that court dated August 5, 2013, and an amended order of that court dated June 26, 2015.
 

 Ordered that the order dated April 7, 2017, is affirmed, with costs.
 

 The parties have two children together. On August 21, 2012, the mother filed a petition seeking child support from the father. In an order of support, dated August 5, 2013 (hereinafter the 2013 support order), upon the father’s default in appearing at a hearing, the Support Magistrate awarded the mother basic child support and child care expenses in the total sum of $5,005.70 per month retroactive to August 21, 2012. The Support Magistrate also awarded the mother retroactive arrears in the sum of $30,211.07.
 

 Thereafter, the Support Magistrate granted the father’s motion to vacate the 2013 support order and scheduled a new hearing for December 9, 2014. Upon the father’s failure to appear at the new hearing, the Support Magistrate issued an order of support dated December 9, 2014, upon default, reinstating the 2013 support order. The Support Magistrate thereafter issued an amended order of support dated June 26, 2015 (hereinafter the 2015 amended support order), which directed the father to pay the mother the same amount in basic child support and child care expenses and calculated the father’s child support arrears to be the sum of $138,404.02 as of December 9, 2014.
 

 The father moved to vacate the 2013 support order and the 2015 amended support order pursuant to CPLR 5015 (a) (3), contending that the mother obtained the orders through false testimony and the submission of fraudulent documents to the court. By order dated January 3, 2017, the Support Magistrate denied the father’s motion. The father filed objections to that order, and in an order dated April 7, 2017, the Family Court denied the father’s objections. The father appeals.
 

 Where a party seeks to vacate a default pursuant to CPLR 5015 (a) (3) based on intrinsic fraud, the party must establish both a reasonable excuse for the default and a potentially meritorious defense (see US Bank N.A. v Galloway, 150 AD3d 1174, 1175 [2017]; McNamara v McNamara, 144 AD3d 1112, 1113 [2016]; Bank of N.Y. v Stradford, 55 AD3d 765, 765-766 [2008]; Morel v Clacherty, 186 AD2d 638, 639 [1992]). Here, in support of his motion, the father failed to offer a reasonable excuse for his default, and his conclusory allegations about the mother were insufficient to show that the mother engaged in fraud, misrepresentation, or other misconduct which could constitute a potentially meritorious defense (see Meltzer v Meltzer, 140 AD3d 716, 717 [2016]; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677-678 [2015]; Matter of Callwood v Cabrera, 49 AD3d 394, 394-395 [2008]). The Support Magistrate determined that the mother provided credible testimony and evidence during the proceedings, and this Court finds no basis to disturb those determinations (see Matter of Tomassi v Suffolk County Dept. of Social Servs., 144 AD3d 930, 931 [2016]; Matter of Justin v Justin, 120 AD3d 1417, 1417 [2014]).
 

 Accordingly, the Family Court properly denied the father’s objections to the order dated January 3, 2017.
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.