Matter of Mondschein v Mondschein (2019 NY Slip Op 06396)





Matter of Mondschein v Mondschein


2019 NY Slip Op 06396


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-09936
 (Docket Nos. F-121-14/17E/17F/17G/17H)

[*1]In the Matter of Elizabeth Mondschein, appellant,
v
Craig Mondschein, respondent.


Elizabeth Mondschein, Scarsdale, NY, appellant pro se.
Craig Mondschein, White Plains, NY, respondent pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), entered August 7, 2018. The order, insofar as appealed from, denied the mother's objections to an order of the same court (Esther R. Furman, S.M.) dated March 9, 2018, which, after a hearing, granted the mother's petition for a downward modification of her child support obligation only to the extent of reducing her basic child support obligation from $1,750 per month to $1,720 per month, effective May 1, 2018, and otherwise denied the petition.
ORDERED that the appeal is dismissed as academic, except insofar as it pertains to the mother's child support obligation for the period between August 8, 2017, and May 29, 2018; and it is further,
ORDERED that the order entered August 7, 2018, is reversed insofar as reviewed, on the law and the facts, the mother's objections to so much of the order dated March 9, 2018, as denied those branches of the mother's petition which were for a downward modification of her child support obligation for the period between August 8, 2017, and May 29, 2018, are granted, that portion of the order dated March 9, 2018, is vacated, and the matter is remitted to the Family Court, Westchester County, for a new determination of the mother's basic child support obligation for the period between August 8, 2017, and May 29, 2018, in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The mother and the father are the divorced parents of three daughters, two of whom remain minors, having been born in 2003 and 2006. Pursuant to a stipulation of settlement, incorporated but not merged in the judgment of divorce dated April 14, 2011, the parties had joint legal custody and the mother had physical custody of the three children, and the father was obligated to pay basic child support to the mother. In addition, the stipulation of settlement provided for the parties' respective pro rata obligations for add-on expenses, including unreimbursed medical and pre-college educational expenses, religious school, extracurricular activities, summer camp, and college expenses. By order entered December 20, 2013, the Family Court modified the custody arrangements so as to award physical custody of the parties' two younger children to the father. Thereafter, the parties' oldest child began living with the father as well and, pursuant to an order on [*2]consent dated March 30, 2015, the mother was directed to pay child support to the father for the parties' three children in the sum of $1,750 per month. The parties' pro rata shares of add-on expenses were continued.
By petition dated August 12, 2017, as amended by petition dated November 30, 2017, the mother moved for a downward modification of her support obligation based upon a loss of income from the cessation of spousal maintenance as of August 2017 in the sum of $3,250 per month; a loss of income from having been terminated from her employment as of October 20, 2017; and the anticipated emancipation of the parties' oldest child. Following a hearing, by order dated March 9, 2018, the Support Magistrate granted the mother's petition only to the extent of reducing her basic child support obligation by $30 per month, to $1,720 per month, effective May 1, 2018, as the result of the emancipation of the oldest child, and otherwise denied the petition. The mother filed written objections to the Support Magistrate's order. In an order entered August 7, 2018, the Family Court denied the mother's objections, and the mother appeals.
We take judicial notice (see Matter of Newton v McFarlane, 174 AD3d 67, 77) of a subsequent order of the Family Court relating to the mother's child support obligation. By order dated January 30, 2019, the Family Court reduced the mother's basic child support obligation to $619 per month for the two younger children, effective February 1, 2019, retroactive to May 29, 2018, which was the date the mother filed a further petition for a downward modification. As a consequence, the present appeal is academic, except with respect to the mother's child support obligation for the period between August 8, 2017, and May 29, 2018.
"To establish entitlement to a downward modification of a child support obligation entered on consent, a party has the burden of showing that there has been a substantial change in circumstances" (Matter of Mikhlin v Giuffrida, 119 AD3d 692, 692; see Matter of Merritt v Merritt, 160 AD3d 870, 872). A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued (see Matter of Rosenberg v Rosenberg, 145 AD3d 1015, 1015; Matter of Guevara v Villatoro, 134 AD3d 1115, 1115; Matter of Levine-Seidman v Seidman, 88 AD3d 883, 884). Here, the Family Court erred in denying the mother's objections to the Support Magistrate's finding that she was not entitled to a downward modification of her support obligation as a result of the loss of income resulting from the cessation of spousal maintenance as of August 2017. Further, the court erred in denying the mother's objections to the Support Magistrate's finding that it was premature for the mother to seek a downward modification of her support obligation on account of her loss of employment as of October 20, 2017. At the hearing held on the petition on February 26, 2018, the mother testified as to her loss of employment, her efforts to obtain a new position, and her receipt of unemployment benefits. This testimony was not refuted by the father.
For these reasons, the matter must be remitted to the Family Court, Westchester County, for a recalculation of the mother's basic child support obligation for the period between August 8, 2017, and May 29, 2018.
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court