JPMorgan Chase Bank, N.A. v Nunez (2020 NY Slip Op 05894)





JPMorgan Chase Bank, N.A. v Nunez


2020 NY Slip Op 05894


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-10836
 (Index No. 9125/10)

[*1]JPMorgan Chase Bank, N.A., respondent,
v
Emilio Nunez, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Emilio Nunez appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 16, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate an order of reference of the same court (Michael L. Pesce, J.) dated April 22, 2014, and a judgment of foreclosure and sale of the same court (Peter P. Sweeney, J.) dated April 19, 2016, and to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with conditions precedent.
ORDERED that the order dated August 16, 2017, is affirmed, with costs.
On or about April 12, 2010, the plaintiff commenced this action to foreclose a mortgage against the defendant Emilio Nunez (hereinafter the defendant), among others. The mortgage at issue, which encumbered property located in Brooklyn, secured the repayment of a note in the amount of $375,000. The defendant failed to answer the complaint and, upon his default, the Supreme Court issued an order of reference dated April 22, 2014. Subsequently, the court issued a judgment of foreclosure and sale dated April 19, 2016.
On or about September 6, 2016, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him, on the ground that the plaintiff failed to comply with contractual and statutory conditions precedent. The plaintiff opposed the defendant's motion. In an order dated August 16, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." We agree with the Supreme Court's determination that the defendant's allegations in support of vacatur of the order of reference and the judgment of foreclosure and sale amount to allegations of intrinsic fraud (see Matter of Terekhina v Terekhin, 155 AD3d 750, 751; Bank of N.Y. v Lagakos, 27 AD3d 678, 679; Morel v Clacherty, 186 AD2d 638, 639). Where a defendant moves pursuant to CPLR 5015(a)(3) [*2]to vacate a default on the basis of intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121; Matter of Terekhina v Terekhin, 155 AD3d at 751). Here, it is undisputed that the defendant presented no excuse for his default. Consequently, it is unnecessary to consider whether he presented a potentially meritorious defense (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 826).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him.
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court