Matter of Lincor v Crowell (2023 NY Slip Op 02784)

Matter of Lincor v Crowell

2023 NY Slip Op 02784

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04392
 (Docket No. F-1328-10/21E)

[*1]In the Matter of Nadeige Lincor, respondent,
v
Victor Crowell, appellant.

Victor Crowell, Gastonia, North Carolina, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 24, 2022. The order denied the father's objections to an order of the same court (Aletha V. Fields, S.M.) dated January 11, 2022, which, after a hearing, and upon findings of fact, also dated January 11, 2022, inter alia, directed him to pay child support in the sum of $86 per week.
ORDERED that the order dated March 24, 2022, is affirmed, without costs or disbursements.
The parties were never married and have one child. In an order dated April 9, 2010, the father was directed to pay child support to the mother in the amount of $446 per month. In September 2021, the father's child support obligation was increased to $530 per month pursuant to a cost of living adjustment (hereinafter COLA).
The father filed a petition for a downward modification of his child support obligation, contending that because he had serious illnesses, which rendered him disabled, he could only afford the sum of $25 per month. The Family Court treated the petition as an objection to the COLA increase pursuant to Family Court Act § 413-a, and a hearing was held before a Support Magistrate. After the hearing, in an order dated January 11, 2022, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $86 per week. The Support Magistrate determined, among other things, that the father had failed to submit competent medical evidence to support his claimed inability to work, and imputed annual income to the father based upon his ability to work full time for minimum wage in calculating his child support obligation. The father filed objections to the Support Magistrate's order, which were denied by the Family Court in an order dated March 24, 2022. The father appeals.
The Family Court properly denied the father's objections to the Support Magistrate's order. Contrary to the father's contention, he failed to provide competent medical evidence at the hearing to show that his alleged medical conditions prevented him from working (see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418; Matter of Mikhlin v Giuffrida, 119 AD3d 692, 693). Thus, the Support Magistrate providently exercised her discretion in determining to impute annual income to the father based upon his ability to work full time for minimum wage (see Matter of Remsen v Remsen, 198 AD3d 658, 660).
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court