■ STEPHEN LUEKER, Appellant, v DONNA DeWITT LUEKER, Respondent. [17 NYS3d 778]—

Appeal from an order of the Supreme Court, Kings County (Charmaine E. Henderson, Ct. Atty. Ref.), dated July 19, 2013. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's motion which was to direct the plaintiff to post a bond to guarantee the payment of his pro rata share of the cost of their daughter's private school tuition, and denied those branches of the plaintiff's cross motion which were for downward modification of his child support obligation, and, in effect, to vacate so much of the parties' judgment of divorce as requires him to pay a pro rata share of the cost of private school tuition for the parties' children.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was to direct the plaintiff to post a bond to guarantee the payment of his pro rata share of the cost of their daughter's private school tuition, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was, in effect, to vacate so much of the parties' judgment of divorce as requires him to pay a pro rata share of the cost of private school tuition for the parties' children, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by a judgment dated May 20, 2008, which, inter alia, incorporated by reference a "parenting agreement" which had been executed by the parties in 2006. Insofar as relevant to this appeal, that agreement provides that the parties "agree that they desire for and intend that their children continue to receive private education through, and including grade 12 ('Private Education') subject to an order of the Court or a financial agreement between the parties." The judgment included a provision making each of the parties responsible for a pro rata share of the cost of the children's private school tuition. In an order dated July 19, 2013, the Supreme Court granted that branch of a motion by the defendant which was to direct the plaintiff to post a bond to guarantee the payment of his pro rata share of the cost of their daughter's private school tuition, and denied those branches of the plaintiff's cross motion which sought downward modification of his child support obligation, and, in effect, to vacate so much of the judgment as required him to pay a pro rata share of the cost of private school tuition for the children. The plaintiff appeals.

An applicant for a downward modification of child support

must demonstrate a substantial change of circumstances (*see Cynoske v Cynoske*, 8 AD3d 720, 722 [2004]; *see also Matter of Kalarickal v Kalarickal*, 89 AD3d 846, 847 [2011]). While a reduction in a payor's net income is an element of the analysis of such an application, it does not limit the court's ability to examine the financial circumstances at the time of the prior support order, the financial circumstances at the time of the application for modification, and to consider whether the payor has the means to comply with the prior order (*see Matter of Carr v Carr*, 19 AD3d 839, 842 [2005]).

Here, the plaintiff established that his financial condition has worsened since the divorce. Nevertheless, his request for a downward modification of his support obligation was properly denied. Considering the plaintiff's earning capacity, he is still possessed of sufficient means to provide child support in the amount which was ordered by this Court upon the plaintiff's appeal from the May 20, 2008, judgment of divorce (*see Lueker v Lueker*, 72 AD3d 655 [2010]; *see also Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]).

However, as to the issue of private school tuition, the record demonstrates that since 2009, the children have been attending public school in a neighborhood to which the defendant specifically relocated based on the quality of its public schools. In addition, the parties are in agreement concerning the public high school which their son will attend, their daughter is performing well at the public school she attends, and neither party can afford their respective pro rata shares of private school tuition. Further, no evidence was presented which demonstrated that the needs of either child would be better served by attending private school (*see Zwickel v Szajer*, 47 AD3d 1157, 1158 [2008]; *Matter of Cassano v Cassano*, 203 AD2d 563, 564-565 [1994], *affd* 85 NY2d 649 [1995]). Accordingly, based on a showing of a change of circumstances, the Supreme Court should have denied that branch of the motion which was to direct the plaintiff to post a bond to guarantee the payment of his pro rata share of the cost of their daughter's private school tuition, and should have granted that branch of the cross motion which was, in effect, to vacate so much of the judgment of divorce as required the plaintiff to pay a pro rata share of the cost of private school tuition for the children. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.

Motion by the plaintiff on an appeal from an order of the Supreme Court, Kings County, dated July 19, 2013, inter alia, to strike the respondent's replacement brief, or stated portions of the replacement brief, on the ground that the replacement

brief refers to matters dehors the record. By decision and order on motion of this Court dated January 21, 2015, the branch of the motion which is to strike the respondent's replacement brief, or stated portions of the replacement brief, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike the respondent's replacement brief, or stated portions of the replacement brief, is denied. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.