Matter of Ling v Sans Souci Owners Corp. (2020 NY Slip Op 05509)





Matter of Ling v Sans Souci Owners Corp.


2020 NY Slip Op 05509


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-04492
 (Index No. 706198/17)

[*1]In the Matter of Philip Ling, et al., appellants,
v
Sans Souci Owners Corp., et al., respondents.


Justine Clare Moran, Astoria, NY, for appellants.
Michael C. Tromello, Melville, NY (A. G. Chancellor III of counsel), for respondents.



DECISION & ORDER
In a proceeding to hold the respondents in civil contempt for their failure to comply with certain subpoenas duces tecum and to compel their compliance, the petitioners appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 11, 2018. The order denied the petition as academic and dismissed the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
As alleged in the petition, the appellants are shareholders in a cooperative corporation owned and managed by the respondents. In September 2016, the appellants commenced an action against nonparty Cerem Subrahimovic, alleging causes of action to recover damages for, inter alia, slander and intentional infliction of emotional distress. The complaint in that action alleged that Subrahimovic was employed by the respondents as a doorman in the building where the appellants lived, and that the action arose as a result of a series of altercations between the appellants, Subrahimovic, and other building staff during the period January 2015 to August 2016.
In January 2017, the appellants served nonparty subpoenas on the respondents, seeking, among other things, surveillance footage from the dates of the alleged encounters between the appellants and the building employees, and documents generated as a result of those encounters. After receiving no response to the subpoenas, the appellants contacted the respondents several times and reiterated their requests. In May 2017, the appellants received a response to the subpoenas, which they viewed as incomplete.
Thereafter, the appellants commenced the instant proceeding to hold the respondents in civil contempt, based upon their alleged failure to fully respond to the subpoenas. In opposition, the respondents submitted a further response to the subpoenas, which contained several compact discs purporting to contain the requested surveillance video footage, and documents the respondents claimed were fully responsive to the subpoenas. In reply, the appellants argued that the exhibits annexed to the respondents' responses to the subpoenas, provided in their opposition papers, did not fully respond to the subpoenas. In an order entered January 11, 2018, the Supreme Court denied the [*2]petition as academic and dismissed the proceeding, noting that the respondents had provided a response to the subpoenas. In its order, the Supreme Court did not make a determination, on the merits, as to whether the respondents had fully responded the subpoenas.
"Failure to comply with a subpoena issued by a[n] . . . officer of the court shall be punishable as a contempt of court" (CPLR 2308[a]). For the purpose of CPLR 2308(a), an attorney representing a party in a pending action is an officer of the court (see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2308:1; Harold A. Kurland, Practice Insights, NY CLS, CPLR 2308), and a subpoena seeking the production of documents or testimony relating to a pending action, which has been served upon a nonparty, may be enforced through the power of contempt (see State Farm Fire & Cas. v Parking Sys. Valet Serv., 85 AD3d 761, 764-765; see also Judiciary Law § 753[a]). Here, the parties' conflicting claims as to whether the respondents fully responded to the subpoenas present factual issues as to whether the respondents disobeyed the subpoenas and, if so, whether the appellants were prejudiced by such alleged failure (see Matter of Savas v Bruen, 139 AD3d 736, 736-737). These factual issues must be resolved at a hearing (see id. at 737; Lundgren v Lundgren, 127 AD3d 938, 941). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the respondents should be held in civil contempt for their alleged noncompliance with the subpoenas.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court