Zeidman v Zeidman (2022 NY Slip Op 00906)





Zeidman v Zeidman


2022 NY Slip Op 00906


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-10658
 (Index No. 53205/12)

[*1]Frady Zeidman, appellant,
v
Natan Zeidman, respondent.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Audra J. Soloway, Amy L. Barton, Samantha A. Weinberg, and Naomi D. Morris of counsel), for appellant.
Mark Diamond, New York, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated April 21, 2017, and a related child support proceeding that was transferred to the Supreme Court, Kings County, and consolidated with the matrimonial action for disposition, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 27, 2019. The order, insofar as appealed from, granted the defendant's petition to modify the child support provisions of the judgment of divorce to the extent of directing him to pay $25 per month in child support retroactive to July 10, 2018, and denied that branch of the plaintiff's motion which was to adjudge the defendant in civil contempt for failure to pay child support.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The parties were married in 2005 and have four children of the marriage. On or about April 21, 2017, upon a decision made after trial, a judgment of divorce was entered, inter alia, requiring the defendant to pay the plaintiff $871.58 per month in child support. The Supreme Court had been unable to ascertain the defendant's actual income and, as such, determined the defendant's monthly child support obligation based upon the children's needs and their standard of living (see Domestic Relations Law § 240[1-b][k]).
On or about July 10, 2018, the defendant filed a petition in Family Court seeking to modify the child support provisions of the judgment of divorce. By order to show cause dated February 19, 2019, the plaintiff moved in the Supreme Court, inter alia, to adjudge the defendant in civil contempt for failure to pay child support as required by the judgment of divorce. Subsequently, the child support proceeding was transferred to the Supreme Court and consolidated with the matrimonial action for disposition.
In an order dated June 27, 2019, the Supreme Court, inter alia, granted the defendant's petition to modify the child support provisions of the judgment of divorce to the extent of directing [*2]him to pay $25 per month in child support retroactive to July 10, 2018, and denied that branch of the plaintiff's motion which was to adjudge the defendant in civil contempt for failure to pay child support. The plaintiff appeals.
A court may modify a child support provision of a prior order or judgment upon a showing of a "substantial change in circumstances" (Domestic Relations Law § 236[B][9][b][2][i]; see Matter of Fantel v Stamatatos, 59 AD3d 717, 718; Matter of Talty v Talty, 42 AD3d 546, 547). In determining whether the alleged substantial change in circumstances is sufficient to warrant a downward modification, the change is to be measured by comparing the payor's financial circumstances at the time of the downward modification application with that at the time of the order or judgment (Matter of Talty v Talty, 42 AD3d at 547; Klapper v Klapper, 204 AD2d 518, 519).
On motion to hold a party in civil contempt, the movant must demonstrate by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed, and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see Judiciary Law § 753[A][3]; Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032; El-Dehdan v El-Dehdan, 114 AD3d 4, 16-17). Although willfulness is not an element of this prima facie showing, the party alleged to be in contempt may offer as a defense evidence of his or her inability to comply with the order or judgment (see Matter of Binong Xu v Sullivan, 155 AD3d at 1032; El-Dehdan v El-Dehdan, 114 AD3d at 17).
Here, the parties' submissions presented issues of fact with regard to the defendant's actual income (see Matter of Elizabeth B. v Emanual K., 175 Misc 2d 127, 136 [Fam Ct, Ulster County 1997), which the Supreme Court failed to ascertain (see generally Cynoske v Cynoske, 8 AD3d 720, 724), and whether or not he was and is able to comply with his child support obligation under the judgment of divorce (see Matter of Talty v Talty, 42 AD3d at 547; see also Matter of Marrale v Marrale, 44 AD3d 773, 775; Matter of Bukovinsky v Bukovinsky, 299 AD2d 786, 787-788). Under such circumstances, the court erred in granting the defendant's petition to modify the child support provisions of the judgment of divorce to the extent of directing him to pay $25 per month in child support retroactive to July 10, 2018, and in denying that branch of the plaintiff's motion which was to adjudge the defendant in civil contempt for failure to pay child support without conducting a hearing (see Bishop v Bishop, 170 AD3d 642, 644; El-Dehdan v El-Dehdan, 114 AD3d at 17).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the defendant's petition to modify the child support provisions of the judgment of divorce and on that branch of the plaintiff's motion which was to adjudge the defendant in civil contempt for failure to pay child support as required by the judgment of divorce, and new determinations of the defendant's petition and that branch of the plaintiff's motion thereafter (see Bishop v Bishop, 170 AD3d at 645).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court