Wenig Saltiel, LLP v Bozeman (2022 NY Slip Op 50939(U))

[*1]

Wenig Saltiel, LLP v Bozeman

2022 NY Slip Op 50939(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2022-71 K C

Wenig Saltiel, LLP, Appellant,
against
Linda Bozeman, Respondent. 

Wenig Saltiel, LLP (Charles Loveless and Jeffrey Saltiel of counsel), for appellant.
Linda Bozeman, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered March 28, 2018. The order denied plaintiff's unopposed motion to hold
defendant in civil contempt and for other relief.

ORDERED that the order is reversed, without costs, plaintiff's motion to hold defendant in
civil contempt is granted and the matter is remitted to the Civil Court for further proceedings in
accordance with the decision herein.
In this small claims action for attorney's fees, on September 14, 2016, following an inquest,
the Civil Court (Harriet L. Thompson, J.) awarded plaintiff a judgment in the principal sum of
$5,000. Plaintiff subsequently served defendant with a subpoena for taking a postjudgment
deposition with restraining notice, commanding defendant to appear at plaintiff's office on
January 8, 2018 and to bring with her enumerated documents pertaining to her assets and income,
and informing defendant that her failure to comply with the subpoena was punishable as a
contempt of court (see CPLR 5223, 5224). Defendant failed to appear, following which
plaintiff moved by order to show cause to punish defendant for contempt by fine or
imprisonment, to order defendant to appear for a deposition and to pay plaintiff the expenses of a
transcript and filing fees, which expenses plaintiff had incurred by reason of defendant's failure
to appear for a deposition. Plaintiff's motion contained a warning, written in bold, uppercase
letters, that the purpose of the hearing was to punish defendant for contempt. The court set the
[*2]hearing for March 26, 2018 at the courthouse and mandated
the time and method for serving defendant with the order to show cause. Plaintiff served
defendant with the order to show cause in accordance with the court's requirements. Defendant
failed to submit papers in opposition thereto or to appear for the hearing. Following the hearing,
the Civil Court denied plaintiff's motion on the ground that, "The basis of the order to show
cause is a subpoena which was not so ordered." Plaintiff appeals from the order.
Attorneys are "officers of the court" for the purpose of issuing subpoenas (see Matter of Ling v Sans Souci Owners
Corp., 187 AD3d 755, 756 [2020]; see also Patrick M. Connors, Practice
Commentaries, McKinney's Cons Laws of NY, CPLR C2308:1), and the subpoenas attorneys
issue constitute "judicial subpoenas" within the meaning of CPLR 2308 (a) (see Douglas Elliman, LLC v TWP Real
Estate, LLC, 189 AD3d 614, 614 [2020]). The disobedience of a postjudgment subpoena
that is issued by an attorney is punishable by contempt without first requiring a plaintiff to make
a motion to compel or otherwise have the subpoena "so-ordered" by the court (see Cadlerock Joint Venture, L.P. v
Patterson, 199 AD3d 557, 558 [2021]; see also Bankers Trust Co. v Braten, 194
AD2d 378 [1993]). 
Plaintiff's motion to punish defendant for contempt complied with the notice requirements of
Judiciary Law § 756. Plaintiff demonstrated that the judicial subpoena, clearly expressing
an unequivocal mandate, had been in effect; that the subpoena had been disobeyed; that
defendant had been served with the subpoena and thus had knowledge of its terms; and that
plaintiff had been prejudiced by defendant's failure to appear at the postjudgment deposition
(see El-Dehdan v El-Dehdan, 26 NY3d 19, 28-29 [2015]; Madigan v Berkeley Capital, LLC, 205
AD3d 900, 905 [2022]; Zeidman v
Zeidman, 202 AD3d 893, 894 [2022]; Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032 [2017]).
The burden then shifted to defendant to refute that showing, or to offer evidence of a defense
such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at
35; Matter of Mendoza-Pautrat v
Razdan, 160 AD3d 963, 964 [2018]; Mollah v Mollah, 136 AD3d 992, 993 [2016]). Defendant, who
defaulted on the motion, failed to meet that burden. In this circumstance, we conclude that the
Civil Court improvidently exercised its discretion in denying plaintiff's motion, and that it should
have granted the motion.
Accordingly, the order is reversed, plaintiff's motion to hold defendant in civil contempt is
granted and the matter is remitted to the Civil Court to impose an appropriate sanction on
defendant and to direct her to appear for a deposition on a date certain for further
proceedings.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022