Maria v Ramadan (2023 NY Slip Op 04420)

Maria v Ramadan

2023 NY Slip Op 04420

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-10743 
2019-11544
 (Index No. 50360/13)

[*1]Shorok Maria, respondent,
v
Mohamed Ramadan, appellant.

Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 10, 2018, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Hemalee J. Patel, Ct. Atty. Ref.), dated July 18, 2019, and (2) an order of the same court (Catherine M. DiDomenico, J.) dated September 13, 2019. The order dated July 18, 2019, insofar as appealed from, after a hearing, granted the plaintiff's motion, inter alia, in effect, to enforce the provisions of the judgment of divorce pertaining to the equitable distribution of the former marital home and certain property located in Egypt, and denied the defendant's motion, in effect, for a downward modification of his maintenance obligation and for recoupment of allegedly overpaid maintenance. The order dated September 13, 2019, insofar as appealed from, directed the defendant to pay certain sums to the plaintiff as directed in the order dated July 18, 2019.
ORDERED that the order dated July 18, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order dated September 13, 2019, is deemed to be an application for leave to appeal from that order, and leave to appeal from that order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated September 13, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced by a judgment of divorce dated July 10, 2018. The plaintiff thereafter moved, inter alia, in effect, to enforce the provisions of the judgment of divorce pertaining [*2]to equitable distribution of the former marital home and certain property located in Egypt. The defendant moved, in effect, for a downward modification of his maintenance obligation and for recoupment of allegedly overpaid maintenance. After a hearing, in an order dated July 18, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, directed the defendant to comply with the provisions of the judgment of divorce pertaining to the equitable distribution of the former marital home and the Egypt property, and denied the defendant's motion. In an order dated September 13, 2019, the court, inter alia, directed the defendant to pay certain sums to the plaintiff as directed in the order dated July 18, 2019. The defendant appeals from stated portions of both orders.
Public policy establishes that "a payor spouse is not entitled to restitution or recoupment of maintenance payments" (Kaplan v Kaplan, 130 AD3d 576, 578). Recoupment of such payments is only appropriate under "limited circumstances" (People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589). On the record before us, there is no basis for concluding that any exception to the public policy against restitution or recoupment of maintenance overpayments exists. Consequently, the Supreme Court did not improvidently exercise its discretion in determining that the defendant was not entitled to a credit against his maintenance obligation based on prior overpayments (see Matter of McGovern v McGovern, 148 AD3d 900, 902).
Nor did the Supreme Court err in denying that branch of the defendant's motion which was, in effect, for a downward modification of his maintenance obligation. A court may modify a prior order or judgment awarding maintenance upon a showing of a "substantial change in circumstances" (Domestic Relations Law § 236[B][9][b]; see Matter of Ceballos v Castillo, 85 AD3d 1161, 1162-1163; Matter of Kasun v Peluso, 82 AD3d 769, 771). The party seeking the modification has the burden of establishing the existence of a change in circumstances warranting the modification (see Klapper v Klapper, 204 AD2d 518, 519). In determining if there is a substantial change in circumstances to justify a downward modification, the change is measured by comparing the payor's financial circumstances at the time of the motion for a downward modification, and his or her circumstances at the time of the divorce or when the order sought to be modified was made (see id. at 519). Here, the record reveals that there was no substantial change in circumstances based on either the plaintiff's increase in income or the defendant's decrease in income, or that any alleged increase in the plaintiff's income or decrease in the defendant's income was unanticipated (see Lee v Lee, 68 AD3d 622, 622; Matter of Fein v Gilchrist, 23 AD3d 558, 559). Moreover, any argument the defendant may have had that the court's method of calculating his obligation regarding the mortgage loan for the former marital home resulted in placing too onerous a burden on him, was waived by his failure to take an appeal from the judgment of divorce (see Dembitzer v Rindenow, 35 AD3d 791, 793-794).
Based on the record before us, the Supreme Court did not err in its determination that the defendant was wholly responsible for a particular debt incurred by him in Egypt during the parties' marriage (see Minervini v Minervini, 152 AD3d 666, 668; DiFiore v DiFiore, 87 AD3d 971, 974-975).
The defendant's remaining contention is without merit.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court