| |
|---|
| **Fiallos v Triboro Scaffolding** |
| 2024 NY Slip Op 33604(U) |
| October 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150570/2024 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JEANINE R. JOHNSON**      PART      52-M

*Justice*

----------------------------------------------------------------------X

ANDY FIALLOS,

           Petitioner,

- v -

TRIBORO SCAFFOLDING,

           Respondent.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150570/2024 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15
were read on this motion to/for            CONTEMPT            .

Upon the foregoing documents, Petitioner Andy Fiallos moves for an order holding non-party Respondent Triboro Scaffolding in civil contempt of court pursuant to CPLR § 2308 (a) for failing to comply with Petitioner's subpoena duces tecum. Alternatively, Petitioner seeks an order directing Respondent to produce the items requested in its subpoena duces tecum by a date certain or hold Respondent in contempt for failure to respond accordingly. Petitioner's unopposed motion is denied as to holding Respondent in contempt and granted as to compelling Respondent to respond to Petitioner's subpoena duces tecum.

## Background and Procedural Posture

This special proceeding arises out of an underlying personal injury action filed by Petitioner titled *Andy Fiallos v Steeping Stone Construction et. al.*, Sup Ct, NY County, Index No. 150586/2022. *See* Pigeon Affirmation, Exhibit D, (NYSCEF Doc No. 7). Petitioner's underlying action arose from injuries he sustained in a construction accident that occurred in 2021 during his employment with Respondent, who was a subcontractor on the job site. *Id.*, ¶¶ 7-8.

150570/2024 FIALLOS, ANDY vs. TRIBORO SCAFFOLDING
Motion No. 001

Page 1 of 7

Petitioner served a subpoena duces tecum dated January 19, 2022, under the caption of the underlying case, upon Respondent on January 26, 2022. *See* Pigeon Affirmation, (NYSCEF Doc No. 8). The subpoena duces tecum seeks documents and information, among other things, related to Petitioner's employment with Respondent, Respondent's manuals and handbooks related to safety, the equipment list used for the project, and petitioner's accident. The subpoena was personally served on a managing agent authorized to accept for Respondent. *Id.*

When Respondent failed to respond to Petitioner's subpoena duces tecum, Petitioner sent three good faith letters to Respondent on April 15, 2022, June 7, 2022, and January 20, 2023, to secure compliance without the court's intervention. *See* (NYSCEF Doc Nos. 9-11). The letters were sent via certified and overnight mail to the same address where the subpoena was served. *Id.*; *see also* Pigeon Affirmation ¶¶ 10-12, (NYSCEF Doc No. 3). In the letters, Petitioner emphasized that if Respondent did not produce the documents sought by the subpoena, Petitioner would seek court intervention requesting that Respondent be held in contempt.

Petitioner commenced this special proceeding by Order to Show Cause to hold Respondent in civil contempt for failing to comply with the subpoena. Respondent failed to appear on the March 13, 2024, return date on the Order to Show Cause or respond to the petition. Petitioner filed an affidavit of service showing that the Order to Show Cause and the petition were personally served upon Respondent at the same address where the subpoena was served and left with a managing agent that was authorized to accept service. *See* Aff. of Service, (NYSCEF Doc No. 15).

Discussion

Pursuant to CPLR § 2308 (a), "[f]ailure to comply with a subpoena issued by a judge, clerk, or officer of the court shall be punishable as a contempt of court." CLPR § 2308 (a). The statute also allows a "$150 penalty plus damages sustained by reason of the failure to comply." *Impact*

**150570/2024  FIALLOS, ANDY vs. TRIBORO SCAFFOLDING**
**Motion No. 001**

Page 2 of 7

[* 2]

*Car Park, LLC v. Mutual Redevelopment Houses, Inc.*, 2021 NY Slip Op 30950[U], *4 (Sup Ct, NY County 2021). Under CPLR § 2308(a), an attorney representing a party in a pending action is an officer of the court. *See generally, Cadle Rock Joint Venture, LP v. Patterson*, 199 AD3d 557, 558 (1st Dep't 2021).

"[A] subpoena seeking the production of documents or testimony relating to a pending action, which has been served upon a nonparty, may be enforced through the power of contempt." *Matter of Ling v. Sans Souci Owners Corp.*, 187 A.D.3d 755, 756. "[W]here the contemnor is not a party to the underlying action, the order to show cause must be personally served upon the accused." *Hampton v. Annal Mgt. Co., Ltd.*, 168 Misc. 2d 138, 139 (App. Term, 1st Dep't 1996).

Judiciary Law § 756 governs the procedure for making an application to punish for civil contempt. Pursuant to Judiciary Law § 756, the application must contain

"[on] its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type:

**WARNING:
YOUR FAILURE TO APPEAR
IN COURT MAY RESULT IN
YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR
CONTEMPT OF COURT"**

The notice and warning requirements by Judiciary Law § 756 are deemed jurisdictional. *see Matter of Devine*, 126 A.D.2d 491, 495 (1st Dep't 1987).

Here, CPLR § 2308 (a) applies. Petitioner's subpoena is judicial because it was issued by an officer of the court, Petitioner's attorney, and it was personally served on the nonparty

150570/2024   FIALLOS, ANDY vs. TRIBORO SCAFFOLDING                    Page 3 of 7
Motion No.  001

3 of 7

[* 3]

Respondent. However, Respondent failed to comply because it did not produce the documents or respond to the subpoena despite Petitioner's multiple good faith letters.

Petitioner's application for contempt fails because he did not satisfy the procedural requirements under Judiciary Law § 756. Although the subpoena included the language, notice, and warning set out in Judiciary Law § 756, Petitioner failed to write it in bold font as required by the statute. While this might appear as a minor defect, "contempt is a drastic remedy, and strict adherence to procedural requirements is mandated." *Roajas v. Recant*, 249 A.D.2d 95, 95 (1st Dep't 1998). Further, the notice and warning requirement by the statute is jurisdictional. The court thus denies Petitioner's application for an order holding the Respondent in civil contempt pursuant to CPLR 2308 (a).

Turning to Petitioner's alternative application for relief, a party may obtain discovery from a nonparty in possession of material and necessary evidence pursuant to CPLR § 3101(a)(4). The statute provides in pertinent part that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: . . . (4) any other person, upon notice stating the circumstances or reasons such disclosure is sought or required." CPLR § 3101. "The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." *Allen v. Crowell-Collier Publ. Co.*, 21 N.Y.2d 403, 406 (1968); *see also Matter of Kapon v. Koch*, 23 N.Y.3d 32, 38 (2014); *Forman v. Henkin*, 30 N.Y.3d 656, 661 (2018).

"If the party seeking the disclosure is not interested in taking a deposition, but merely wants a nonparty witness to produce for discovery and inspection a paper or other tangible item in his or her possession, the remedy is . . . [a] subpoena under CPLR § 3120." *Velez v. Hunts Point Multi-*

**150570/2024 FIALLOS, ANDY vs. TRIBORO SCAFFOLDING**
**Motion No. 001**

**Page 4 of 7**

4 of 7

[* 4]

*Serv. Ctr., Inc.*, 29 A.D.3d 104, 109 (1st Dep't 2006). "[S]ection 3101(a)(4)'s notice requirement . . . nonetheless obligates the subpoenaing party to state, either on the face of the subpoena or in a notice accompanying it, 'the circumstances or reasons such disclosure is sought or required'" *Matter of Kapon*, 23 NY3d at 39. This required notice is "minimal" and should give the subpoenaed party "sufficient information to challenge the subpoena on a motion to quash." *Id.* There is no "requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source." *Id.* at 38.

Once the subpoenaing party states the circumstances or reasons the disclosure is sought, either on the face of the subpoena or in a notice accompanying it, the subpoenaed nonparty then, "[has the initial burden to] establish either that the discovery sought is 'utterly irrelevant' to the action or that the 'futility of the process to uncover anything legitimate is inevitable or obvious.'" *Id.* at 34. If the non-party meets their burden to quash, the subpoenaing party must then show "that the discovery sought is 'material and necessary' to the prosecution or defense of an action, i.e., that it is *relevant.*" *Id.*, emphasis added; *see also Forman*, 30 N.Y.3d at 661. "[S]o long as the disclosure sought is relevant to the prosecution or defense of an action, it must be provided by the nonparty." *Matter of Kapon*, 23 N.Y.3d at 38.

Petitioner's subpoena served on Respondent satisfies the notice requirement under CPLR § 3101 (a)(4). Petitioner's subpoena provides sufficient notice of the circumstances for which the disclosure is sought. On its face, the subpoena includes the date, time, and location for the production of the documents and specifically seeks a list of documents "relating to Andy Fiallos incident of September 16, 2021 and/or relating to the work at 648 Broadway, 5th Floor, New York, New York 10012 for the six (6) months period immediately preceding and including September 16, 2021." (NYSCEF Doc No. 8).

150570/2024   FIALLOS, ANDY vs. TRIBORO SCAFFOLDING                    Page 5 of 7
Motion No. 001

[* 5]                                    5 of 7

The Court finds that the Respondent has "sufficient information to challenge the subpoena on a motion to quash," (*Matter of Kapon*, 23 N.Y.3d at 39), because the subpoena describes the circumstances for which it seeks information and documents: the incident involving Petitioner that occurred on September 16, 2021, and the work that Respondent conducted at 648 Broadway. The subpoena also specifies the time frame for which it seeks such documents, and it indicates that the documents sought relate to the underlying case captioned in the subpoena. Since Petitioner met the minimal notice requirement under CPLR § 3101 (a)(4), the burden shifts to Respondent to establish that the documents sought are irrelevant to this action. Respondent, however, has failed to appear, respond to the Petitioner's subpoena, or identify any grounds for challenging Petitioner's subpoena. The burden thus does not shift to Petitioner to show relevance.

The Court finds that Petitioner has sufficiently demonstrated that the documents requested are relevant to effectively prosecute his case. Petitioner's employment records and other documents sought from Respondent are relevant because Petitioner was employed by Respondent at the time of the accident. The documents and information sought thus pertain to the "work being performed at the time of the [p]etitioner's accident, as well as the claims asserted by [p]etitioner" in the underlying action. (NYSCEF Doc No. 3, p. 7). Further, most of the information and documents that Petitioner seeks, i.e. his employment records, in its subpoena are in the exclusive possession of Respondent and Petition cannot obtain these records and information from the parties in the underlying action.

Accordingly it is hereby,

ORDERED and ADJUDGED that the petition brought by Andy Fiallos is granted, without opposition, to the extent that Respondent-Triboro Scaffolding is directed to comply with the

**150570/2024  FIALLOS, ANDY vs. TRIBORO SCAFFOLDING**
**Motion No.  001**

**Page 6 of 7**

6 of 7

subpoena duces tecum dated January 19, 2022, and served upon it on January 26, 2022, within 30 days after service of this order with written notice of entry; and it is further

ORDERED that the petition to hold Respondent-Triboro Scaffolding in contempt is denied.

This Constitutes the decision and order of the court.

| 10/9/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | | JEANINE R. JOHNSON, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | DENIED ☐ | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150570/2024   FIALLOS, ANDY vs. TRIBORO SCAFFOLDING
Motion No.  001

Page 7 of 7