Whelan v Whelan (2026 NY Slip Op 01398)

Whelan v Whelan

2026 NY Slip Op 01398

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2020-07901
 (Index No. 50351/14)

[*1]Martin P. Whelan, respondent, 
vKara E. Whelan, appellant.

Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York, NY (Joseph F. De Simone and Sunita L. Kurra of counsel), for appellant.
Schlissel Ostrow Karabatos, PLLC, Garden City, NY (Lisa R. Schoenfeld of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 11, 2016, the defendant appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated September 29, 2020. The order, without a hearing, granted the plaintiff's motion for a downward modification of his child support obligation to the extent of directing him to pay $3,500 per month in child support to the defendant.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for a downward modification of his child support obligation is denied.
The parties were married on April 21, 2006, and have two children. In December 2015, the parties entered into a stipulation of settlement (hereinafter the stipulation). In the stipulation, as relevant to this appeal, the parties agreed to waive any right to modify the child support obligations set forth in the stipulation pursuant to Domestic Relations Law § 236(B)(9)(b) and Family Court Act § 451 based upon an involuntarily change in a party's income of 15% or more. The parties were thereafter divorced by a judgment of divorce dated July 11, 2016. The stipulation was incorporated by reference into the judgment of divorce, but not merged. The stipulation and the judgment of divorce provided, inter alia, that the plaintiff would pay the defendant $6,250 per month in child support.
In July 2020, the plaintiff moved for a downward modification of his child support obligation, seeking a reduction from $6,250 per month to $1,604.17 per month. In an order dated September 29, 2020, the Supreme Court granted the plaintiff's motion to the extent of directing him to pay $3,500 per month in child support to the defendant. The defendant appeals.
"A court may modify a prior order or judgment awarding maintenance upon a showing of a 'substantial change in circumstances'" (Maria v Ramadan, 219 AD3d 874, 875 [alteration omitted], quoting Domestic Relations Law § 236[B][9][b][1]; see Zeidman v Zeidman, 202 AD3d 893, 894). "In determining whether the alleged substantial change in circumstances is sufficient to warrant a downward modification, the change is to be measured by comparing the payor's financial circumstances at the time of the downward modification application with that at [*2]the time of the order or judgment" (Zeidman v Zeidman, 202 AD3d at 894; see Lueker v Lueker, 132 AD3d 739, 741). While a parent's loss of income may constitute a substantial change in circumstances, "[a] parent's obligation to provide support is not necessarily determined by his or her current financial condition, rather, it is determined by his or her ability to provide support" (Muldowney-Walsh v Desroches, 167 AD3d 1022, 1023).
Here, the plaintiff failed to establish a substantial change in circumstances to warrant a downward modification of his child support obligation. The plaintiff's statement of net worth indicated that, despite his loss of income as a result of the COVID-19 pandemic, he had sufficient means to provide child support at the level set forth by the parties in the stipulation (see Lueker v Lueker, 132 AD3d at 741; Schwaber v Schwaber, 91 AD3d 939, 940; see also Matter of Oelsner v Heppler, 181 AD3d 916, 917-918). Moreover, the parties agreed to waive any modification in child support obligations based upon an involuntary change in a party's income of 15% or more.
Accordingly, the Supreme Court should have denied the plaintiff's motion for a downward modification of his child support obligation.
The parties' remaining contentions need not be reached in light of the foregoing.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court