Light-Sanicola v Sanicola (2026 NY Slip Op 01501)

Light-Sanicola v Sanicola

2026 NY Slip Op 01501

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-10927
 (Index No. 54411/19)

[*1]Fatemah Light-Sanicola, appellant, 
vFrederick Sanicola, respondent.

Quatela | Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
Nangia & Kazansky, LLP, Brooklyn, NY (Matthew J. Kazansky of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated January 26, 2023, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated October 11, 2024. The amended order granted the defendant's motion for a downward modification of his child support obligation to the extent of reducing his basic child support obligation to the sum of $4,200 per month and directing the plaintiff to pay 100% of add-on expenses.
ORDERED that the amended order is reversed, on the law, with costs, and the defendant's motion for a downward modification of his child support obligation is denied.
The parties were married on October 18, 2013, and have two children. On December, 16, 2022, the parties entered into a stipulation of settlement (hereinafter the stipulation) in which they agreed, inter alia, to waive any right to modify the child support obligations set forth in the stipulation pursuant to Domestic Relations Law § 236(B)(9)(b) and Family Court Act § 451 where a party's income involuntarily changed by 15% or more. The parties were thereafter divorced by a judgment dated January 26, 2023. The stipulation was incorporated but not merged into the judgment of divorce. The stipulation and the judgment of divorce provided, among other things, that the defendant would pay the sum of $5,200 per month in basic child support and would be responsible for 75% of add-on expenses.
In June 2024, the defendant moved for a downward modification of his child support obligation, requesting, inter alia, that his basic child support obligation be reduced to the sum of $546 per month. The plaintiff opposed the motion. In his reply papers, the defendant disclosed that he had secured new temporary employment and requested, among other things, that his basic child support obligation be reduced to the sum of $2,891.42 per month based on his reduction in income. In an amended order dated October 11, 2024, the Supreme Court granted the defendant's motion to the extent of reducing his basic child support obligation to the sum of $4,200 per month and directing the plaintiff to pay 100% of add-on expenses until the defendant's income significantly increased. The plaintiff appeals.
"A court may modify a child support provision of a prior order or judgment upon a showing of a 'substantial change in circumstances'" (Zeidman v Zeidman, 202 AD3d 893, 894, quoting Domestic Relations Law § 236[B][9][b][2][i]). "'A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued'" (Matter of Cywiak v Packman, 214 AD3d 652, 654, quoting Matter of Oelsner v Heppler, 181 AD3d 916, 917; see Zeidman v Zeidman, 202 AD3d at 894). "While a reduction in a payor's net income is an element of the analysis of such an application, it does not limit the court's ability to examine the financial circumstances at the time of the prior support order [and] the financial circumstances at the time of the application for modification, and to consider whether the payor has the means to comply with the prior order" (Lueker v Lueker, 132 AD3d 739, 741).
Here, the defendant failed to establish a substantial change in circumstances to warrant a downward modification of his child support obligation. The defendant's statement of net worth indicated that despite the reduction in his income, he had sufficient means to provide child support at the level set forth by the parties in the stipulation (see Matter of Gharachorloo v Regeer, 173 AD3d 1025, 1027; Matter of Kalarickal v Kalarickal, 89 AD3d 846, 847; Matter of Talty v Talty, 42 AD3d 546, 547). Accordingly, the Supreme Court should have denied the defendant's motion for a downward modification of his child support obligation.
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court