Aronov v Matvienko

2026 NY Slip Op 01934

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ilana Aronov, respondent,

v

Evgeny Matvienko, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2021-09050, (Index No. 719544/20)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. Mccormack

Susan Quirk, JJ.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Neelam B. Bhagrath and Lee Rosenberg of counsel), for appellant.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Elisa S. Koenderman, J.), entered November 10, 2021. The order denied the defendant's motion, inter alia, to hold the plaintiff and nonparty Mazol Aksakalova in contempt for failure to comply with certain so-ordered subpoenas and, sua sponte, pursuant to CPLR 3126(2), directed that the plaintiff shall be precluded from introducing or opposing evidence of her income at trial.

ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, pursuant to CPLR 3126(2), directed that the plaintiff shall be precluded from introducing or opposing evidence of her income at trial is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,

ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The parties were married on April 3, 2016, and had one child during the marriage. In November 2017, the plaintiff commenced this action for a divorce and ancillary relief. In March 2021, the defendant moved, inter alia, to hold the plaintiff and nonparty Mazol Aksakalova in contempt for failure to comply with certain so-ordered subpoenas. In an order entered November 10, 2021, the Supreme Court denied the defendant's motion and, sua sponte, pursuant to CPLR 3126(2), directed that the plaintiff shall be precluded from introducing or opposing evidence of her income at trial. The defendant appeals.

"Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court" (CPLR 2308[a]). Here, the Supreme Court should have conducted a hearing to resolve factual issues as to the defendant's motion for contempt and to determine the appropriate remedy (see id.; Matter of Ling v Sans Souci Owners Corp., 187 AD3d 755). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to [*2]determine whether the plaintiff and nonparty Mazol Aksakalova should be held in contempt for alleged noncompliance with certain so-ordered subpoenas, and a new determination thereafter of the defendant's motion.

The defendant's remaining contention is without merit.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court